IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SERGEANT WILBUR F. JUSTICE,           :
                                      :
          Plaintiff,                  :
                                      :
     v.                               :    C.A.No.
                                      :
STANLEY W. TAYLOR, JR., in his        :
official capacity as the             :
Commissioner of Correction; ALAN      :
MACHTINGER, individually and in his   :
official capacity as the Director     :    Jury Trial Demanded
of Human Resources of the            :
Department of Correction; and         :
DEPARTMENT OF CORRECTION OF THE       :
STATE OF DELAWARE,                    :
                                      :
          Defendants.                 :

**COMPLAINT**

1.  This is a civil action for compensatory and punitive damages and for injunctive relief for violations of plaintiff's rights to free speech, association, assembly and petition under the First and Fourteenth Amendments of the U.S. Constitution.  As a citizen Plaintiff has engaged in protected conduct under the First Amendment, by speaking out on matters of public concern, actively associating with his Union, engaging in collective bargaining on behalf of his Union, speaking out on behalf of the interests of over 1,187 Union members, and petitioning government for the redress of grievances on behalf of Union members.  The defendants then retaliated against him and on August 16, 2004 denied him the opportunity to fairly compete for promotion to the

-1-

position of Community Work Program Coordinator within the Department of Correction and he was subsequently passed over for that promotion.  Then, after a day long hearing, on August 3, 2006 the Merit Employee Relations Board of the State of Delaware found that the treatment of plaintiff during this promotion process was a "gross abuse of discretion."

## I.  **JURISDICTION**

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the First and Fourteenth Amendments to the U.S. Constitution.  The cause of action arises under 42 U.S.C. § 1983.  The claim arose in this judicial district.

## II.  **THE PARTIES**

3.  Plaintiff is a citizen of the United States and a resident of Dover, Delaware.  He is a 24 year employee of the Department of Correction and currently holds the rank of Sergeant at the Morris Community Correction Center in Dover.  He is also the President of the Correctional Officers Association of Delaware ("COAD"), the collective bargaining agent for approximately 1,187 employees of the Department.

4.  Stanley W. Taylor, Jr., at all times relevant hereto, was the Commissioner of Correction of the State of Delaware. He is sued only in his official capacity for injunctive relief.

5.  Alan Machtinger, at all times relevant hereto, was the

Director of Human Resources and Development of the Department. He is sued individually and in his official capacity.

6. Defendant Department of Correction of the State of Delaware (the "Department") is an agency of the State of Delaware, which is only joined in this action for purposes of collecting attorneys' fees and costs.

### III. FACTS GIVING RISE TO THE ACTION

#### A. PROTECTED ACTIVITY

7. Prior to June, 2002, correctional officers had ineffective Union representation, first from AFSCME and then from the Delaware Correctional Officers Association. In early 2002, that latter Union was decertified; and on June 1, 2002, COAD was certified as the exclusive bargaining representative for all correctional officers up to and including Sergeants and also for other positions which require basic correctional officer training plus a primary skill.

8. In August, 2003, Plaintiff was elected to the continuing leadership and governing body of COAD and became one of its vice-presidents.

9. Later Plaintiff was elected the President of COAD on May 31, 2005.

10. Throughout 2003 and 2004, Plaintiff and the other leaders of COAD supported an aggressive effort to inform the media, elected officials and the general public about various

matters of public concern that also were of importance to the membership of COAD. Plaintiff and the leaders of COAD also engaged in continuing contract negotiations directly with defendant Machtinger who has never missed a contract negotiating session. Plaintiff was on that contract negotiating team during this time period.

11. Plaintiff and the leaders of COAD in 2003 and 2004 engaged in protected conduct in the following areas.

12. In the media and before the General Assembly Plaintiff and COAD advocated wage increases so that the Department would be able to retain trained correctional officers.

13. In the media and before the General Assembly Plaintiff and COAD advocated solutions for the serious chronic problem of under staffing throughout the correctional system of Delaware.

14. In the media and before the General Assembly Plaintiff and COAD exposed security lapses caused by under staffing which led to the rape of a counselor within the central and largest prison in the State.

15. For example, on July 16, 2004, in the media one member of COAD's leadership directly contradicted claims by the Governor of Delaware that there was no shortage of correctional officers or problems with lax security within the correctional system which contributed to the rape of that counselor.

16.  On July 31, 2004, in the media, Plaintiff and the leaders of COAD also supported a job action which the individual members of COAD had begun on July 24th when court and transportation officers refused to work voluntary overtime.

17.  This led to Plaintiff and other leaders of COAD being named as defendants in a lawsuit and motion for a temporary restraining order filed by the State, in the Delaware Court of Chancery, which was heard on August 6, 2004, trying to stop that job action.  The TRO was denied by the Chancellor.  Union leaders then met with the Governor later the same day.

18.  In July and August of 2004, Plaintiff and the contract negotiating team of COAD also directly negotiated with the Department and defendant Machtinger over a new collective bargaining agreement for COAD.  COAD has been operating without a formal contract from its organization in 2002 until the present date.

19.  Defendant Machtinger was aware of plaintiff's protected activity and it antagonized him.

### B.  THE LOST PROMOTIONAL OPPORTUNITY

20.  In the midst of all this aggressive Union activity, public concern speech, assembly, association, petition of the General Assembly, the Governor and others, and also contract negotiations, on July 7, 2004 defendant Machtinger's office posted notice of a job vacancy for the position of Community Work

Program Coordinator at Plaintiff's job site in Dover.  The closing date when all job applications had to be filed was July 16th.

21.  Plaintiff filed a written application for that position at defendant Machtinger's Human Resources Office in Dover on July 15th, and he had the clerk stamp his application in his presence and make a stamped copy for him.  Machtinger soon became aware of Plaintiff's written application and it antagonized him.

22.  Machtinger's office is a compact and physically small one with only 20 or less employees working with him from partitioned work stations on one floor located at the central administration building for the Department found at 245 McKee Road, Dover, DE.  Machtinger has access to all Human Resources records at all times, either physically or by access to computer databases.

23.  Plaintiff's July 15th written application was filed only one day before COAD's leaders publically contradicted the Governor in the media on July 16th and denied her claim that there was no shortage of correctional officers or lax security in the prison system.  On July 18th, COAD's then president also published an opinion piece in the media claiming that the prison system was dangerously understaffed.  The application also was filed only one day after a contract negotiating session in which Defendant Machtinger and Plaintiff participated.

24.  Immediately after his written application was filed,

Plaintiff was found to be at least minimally qualified for the promotion in question and his name was entered on the Register for the position in the Human Resources computer system.  Later Plaintiff was not placed on the Certification List which was sent to the hiring manager at Morris Community Correction Center where interviews were being arranged for a time when Plaintiff was scheduled to be on vacation.

25.  Interviews for all qualified applicants were scheduled for August 16, 2004, but Plaintiff was not notified of this fact.

26.  Defendant Machtinger caused plaintiff not to be placed on the Certification List and thus kept him from being notified of the August 16th interviews because of Plaintiff's protected activity.

27.  On August 13[th,] Plaintiff inquired of Machtinger's staff about the status of his pending application.  In response Machtinger's staff person, Mr. Larry Klebart, who was assigned to process this position, lied to Plaintiff and stated that no notices had been sent out yet because it was taking time to put together a special selection panel to do the interviews.  He indicated that no interviews had been scheduled.

28.  However, on August 10[th,] steps had been taken to schedule interviews with five other applicants for the position, but not with Plaintiff.

29.  On the date of the actual interviews, August 16th,

Plaintiff learned of the interviews that morning while he was on vacation. He immediately drove to Department headquarters and confronted Defendant Machtinger's staff member, Mr. Klebart, who now indicated that he had never applied for the position.

30. But Plaintiff next produced his date stamped copy of his completed and filed written application and disproved the false contention that he had never applied for the posted job.

31. Defendant Machtinger's staff then falsely claimed that Plaintiff's application had been lost.

32. However, Machtinger and his staff had deliberately refused to process Plaintiff's job application.

33. Machtinger participated in and was aware of all the actions of his staff regarding the application of Plaintiff, who was a highly visible Union activist and long term employee who was known to everyone. He also ratified, sanctioned and approved all the actions of his staff concerning the application of Plaintiff.

34. Plaintiff then forced his name to be added to the interview list that day and his interview was later hurriedly conducted after he was able to return home and change out of vacation attire.

35. Because he was an interview "add on," Plaintiff was deprived of the opportunity to prepare for the interview and to approach it calmly with planning and forethought. The other

applicants had from August 10th to prepare for their August 16th interviews.

36.  Because of the rush Plaintiff also lost the opportunity to add documents to his written job application.  The posting for the job refused to allow applicants to document their application with training certificates, awards and other supporting documentation and corroboration of their talents and achievements.  But the form indicated that such documents were to be brought to the interview.

37.  But Plaintiff was unable to present such documentation due to the scheduling rush for the interview.  His awards needed to be copied and there was no time to do so and arrive on time for his interview.

38.  Nonetheless, despite these obstacles Plaintiff still was found to be ranked second for the promotion which went to another DOC employee.

39.  However, the other candidate was selected in determinative part because of his prior military record after having served 20 years in the Air Force.  But if Plaintiff had been able to present documentation in support of his application the selection panel would have learned that Plaintiff also has a distinguished military career including service in Vietnam and later as an NCOIC and Sergeant in the United States Army National Guard.

40.   Plaintiff grieved the denial of this promotion and eventually received an all day hearing, where written and sworn evidence was received, before the Delaware Merit Employee Relations Board on August 3, 2006.  The Board then ordered the Department to vacate the two year old promotion at issue and to conduct the interviews anew with sufficient preparation time for each applicant and for Plaintiff to be afforded the opportunity to fully document his job application.

41.   That four person Board found as a fact that the Department had committed a "gross abuse of discretion" in its handling of the job application of Plaintiff, and that all the interviews in 2004 should have been rescheduled to allow Plaintiff time to fairly compete for the position at issue.

### C.   EVIDENCE OF CAUSATION

42.   There is a causal link between First Amendment protected activity and the adverse action of denying Plaintiff the opportunity to fairly compete and interview for the position at issue and of denying him this promotion.  This is demonstrated by the following:

> (a) Defendant Machtinger was personally aware of plaintiff's protected activity and also that he had applied for the promotion.

> (b) He had a motive to retaliate against Plaintiff who was part of an aggressive leadership team for the newly certified Union which on all fronts was pressing management and the Department for better treatment of its members, while also exposing mismanagement within the Department.

-10-

(c)  The temporal proximity is unduly suggestive. Plaintiff's July 15th written application was filed only one day before COAD's leadership publically contradicted the Governor in the media on July 16th and denied her claim that there was no shortage of correctional officers or lax security in the prison system.  On July 18th COAD's then president also published an opinion piece in the media claiming that the prison system was dangerously understaffed.  The application also was filed only one day after a contract negotiating session in which Defendant Machtinger and Plaintiff participated.  The adverse actions against him of allegedly losing his file, of not placing him on the Certification List, of not postponing the interviews, and of forcing Plaintiff to interview without adequate preparation time or supporting documentation occurred immediately.

(d)  There is circumstantial evidence of a pattern of antagonism towards plaintiff. For example, Agency exhibits used at the MERB hearing for Plaintiff were found by that Board to have been doctored as part of a coverup of how the application was handled.

(e)  Lies and manufactured false reasons have been offered under oath by Defendant Machtinger. For example, he claimed that he did not have an adversarial relationship with Plaintiff during Union contract negotiations, when a labor negotiation is the archetype of an adversarial relationship between parties.  He also falsely claimed Plaintiff's file had been lost.

(f)  State law was violated.  The MERB found as a fact that a governing statute was violated when a "gross abuse of discretion" occurred.

(g) The evidence as a whole shows that at a time of intense public dispute with COAD, defendant Machtinger saw to it that Plaintiff was punished for all his Union and other activity, so that a message was sent to the membership that this also would happen to their careers if they pushed management too hard.

43.  First Amendment protected activity was a substantial or motivating factor in the adverse action against Plaintiff.

-11-

44.  The natural probative force of the evidence demonstrates causation.

45. The totality of retaliatory adverse action taken by defendants against Plaintiff is sufficient to deter any person of ordinary firmness from exercising their First Amendment rights to free speech, association, assembly and petition.

46.  Any reasonable person of ordinary firmness would be deterred from exercising their First Amendment rights to free speech, association, assembly and petition when denied the opportunity to fairly compete for a job promotion and to be improperly passed over for promotion after 22 years of loyal service to the Department.

47.  The defendants cannot prove by a preponderance of the evidence that absent a constitutional violation they would have any other reason to treat Plaintiff unfairly and take adverse action against him.

**D.  DAMAGES**

48.  As a direct and proximate result of the actions of the defendants as detailed herein, Plaintiff has suffered two years of lost wages at two levels above his 2004 pay grade, accompanying pension increases, and other benefits to date, he will suffer diminished earning capacity now and upon his retirement, decreased employment and earnings opportunities, and other pecuniary losses, emotional pain, suffering,

disappointment, anger, inconvenience, mental anguish, loss of
enjoyment of life, mental and physical pain, anguish,
humiliation, embarrassment, injury to reputation, and other non-
pecuniary losses and injury.

### IV.  ALLEGATIONS REGARDING THE DEFENDANTS' CONDUCT

49.  The individual defendant' actions violated clearly
established federal constitutional rights of which any official
would have known, including two decades of Third Circuit case law
prohibiting retaliation against public employees for protected
speech.

50.  At all times material hereto the individual defendant
participated in, authorized, and sanctioned the federal
constitutional deprivations described above.

51.  At all times material hereto the individual defendant
and his agents were acting under color of law.  The federal
constitutional deprivations described herein are fairly
attributable to the State.

52.  The actions of the defendants and their agents or
employees were deliberately, intentionally, willfully,
purposefully, and knowingly done in violation of federal
constitutional rights and because of the exercise of those
rights.

53.  The defendants either knew or showed a negligent or
reckless disregard for the matter of whether their conduct

violated federal constitutional rights.

54.  Their actions were outrageous and taken with evil motive, in bad faith, out of personal animus and without any reasonable grounds to support them.

55.  Their actions were wanton and malicious or taken with reckless indifference to federal constitutional rights.

56.  The exercise of rights under the U.S. Constitution made a difference in all actions adverse to Plaintiff.

57.  The exercise of these rights was a motivating, substantial or determinative factor in all actions adverse to Plaintiff.

58.  The defendants did not reasonably believe that the actions they took were necessary to accomplish any legitimate governmental purpose.

59.  The defendants' actions were motivated by bias, bad faith, and improper motive.

60.  The defendants' actions constitute an abuse of governmental power.

61.  The defendants' actions do not further any narrowly drawn important, substantial or compelling governmental interest.

62.  The defendants' actions are not so reasonable as to further any governmental interest asserted and do not closely fit the goal of serving those governmental interests.

### COUNT I (First Amendment - Public Employee Free Speech Retaliation)

63.   Plaintiff repeats and realleges paragraphs 1-62 set out above.

64.   Plaintiff in his private capacity as a citizen spoke out on issues of public concern under the First Amendment, for example, under staffing, security lapses and forced overtime of employees.  It was not part of Plaintiff's routine job duties to engage in such speech.

65.   By its content, form and context, at all times Plaintiff spoke out about matters of public concern.

66.   All of Plaintiff's speech was non-disruptive of any interest of his employer and it was on matters of concern to the public at large.  His speech related to matters of political, social and other concern to the community.

67.   The individual defendant was aware of Plaintiff's protected speech and it antagonized him.

68.   There is a causal link between First Amendment protected activity on matters of public concern and adverse action.

69.   The defendants took action adverse to Plaintiff as a direct and proximate result of and in retaliation for Plaintiff's First Amendment protected speech on matters of public concern. There is a temporal and causal relationship between Plaintiff's

-15-

aforementioned protected speech and conduct, and adverse employment action. First Amendment protected activity was a substantial or motivating factor in the adverse employment action. The defendants cannot prove by a preponderance of the evidence that absent a constitutional violation they would have other grounds to deny Plaintiff a fair employment opportunity.

70. Plaintiff's constitutional right to freedom of speech has been denied under the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

**COUNT II (First Amendment - Public Employee Petition Clause Retaliation)**

71. Plaintiff repeats and realleges paragraphs 1 - 70 set forth above.

72. Plaintiff participated in historically recognized petitions of government for a redress of grievances which were not a sham.

73. For example, he and COAD petitioned the General Assembly for salary increases as a resolution for the chronic under staffing and forced overtime problems within the Department.

74. He and COAD also informed legislators of the fact that the correctional system is broken and in need of repair. Security lapses occur frequently and endanger the lives of many persons due to under staffing and forced overtime.

75. He and COAD also petitioned the Governor about many of

the same matters.

76.   The defendants took action adverse to Plaintiff as a direct and proximate result of and in retaliation for the exercise of his First Amendment right to petition the government for redress of grievances.  There is a temporal and causal relationship between Plaintiff's aforementioned protected petitioning and adverse employment action.  First Amendment protected activity was a substantial or motivating factor in the adverse employment action.  The defendants cannot prove by a preponderance of the evidence that absent a constitutional violation they would have had reasons to adversely treat Plaintiff.

77.   Plaintiff's constitutional right to petition the government for redress of grievances has been denied under the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

**COUNT III (First Amendment - Assembly, Petition, Association and Expression - Retaliation for Union Activities)**

78.   Plaintiff repeats and realleges paragraphs 1-77 set out above.

79.   Plaintiff is the current president of COAD.  At the times in question he was one of its Vice Presidents and an active member of its leadership team.

80.   Plaintiff has maintained an active affiliation with COAD from its being certified as the collective bargaining agent through the present.

-17-

81.  The individual Defendant was aware of Plaintiff's protected Union activities and they antagonized him.

82.  There is a causal link between First Amendment protected Union activities and adverse action.

83.  First Amendment protected assembly, petition, association and expression were a substantial or motivating factor in the adverse action against Plaintiff.  The natural probative force of the evidence demonstrates causation.

84.  The defendants cannot prove by a preponderance of the evidence that absent a constitutional violation they would have reasons to take adverse action against Plaintiff.

85.  The totality of retaliatory adverse action taken by defendants against Plaintiff is sufficient to deter any person of ordinary firmness from exercising their First Amendment rights to assembly, petition, association and expression.

86.  The defendants took action adverse to plaintiff as a direct and proximate result of and in retaliation for plaintiff's First Amendment protected assembly, petition, association and expression.  There is a temporal and causal relationship between plaintiff's aforementioned protected activity and adverse employment action.  First Amendment protected activity was a substantial or motivating factor in the adverse employment action.  The defendants cannot prove by a preponderance of the evidence that absent a constitutional violation they would have

grounds to take action adverse to Plaintiff.

87.  Plaintiff's constitutional rights to assembly, petition, association and expression have been denied under the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

**Wherefore**, Plaintiff prays that the Court:

A.  Enter judgment against the defendants.

B.  Enter a declaratory judgment declaring the acts of the defendants to be a violation of Plaintiff's constitutional rights.

C.  Enter a judgment against the individual defendant, for compensatory damages, including lost wages, back pay, pension and other benefits, for future or front pay, loss of earning capacity, emotional distress, humiliation, embarrassment, and injury to reputation.

D.  Enter a judgment against the individual defendant for punitive damages.

E.  Issue a mandatory injunction directing defendant Taylor to promote Plaintiff immediately to the position in question.

F.  Award front pay until Plaintiff can be promoted.

G.  Issue a reparative injunction directing that upon retirement Plaintiff's pension and other benefits be calculated as if he had been promoted to the

position in question as of August 16, 2004.

H. Issue a mandatory injunction ending the continuing illegal actions of defendant Machtinger and baring him from considering protected speech, assembly, association, or petition, whenever considering the promotion of any correctional officer who is a member of COAD or of its elected leadership; or whenever his office is processing applications for promotion for such persons; and also ordering him to send a directive to all administrators in the Department advising that protected speech, association, assembly and petition by COAD members is not to be considered as a negative factor in promotions in the Department.

I. Issue a reparative injunction directing that the individual defendant place a signed document in Plaintiff's personnel file indicating that he was qualified to be promoted on August 16, 2004, and that but for illegal conduct by defendant Machtinger he would have been promoted on that date, and apologizing to Plaintiff for violating his constitutional rights.

J. Enjoin the defendants from retaliating against Plaintiff.

K. Award Plaintiff attorney's fees, costs and pre and

post judgment interest for this action.

L.   Require such other and further relief as the Court

deems just and proper under the circumstances.


**THE NEUBERGER FIRM, P.A.**



/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Plaintiff

Dated: August 11, 2006
Justice\PLEADING\COMPLAINT Final.wpd

%JS 44 (Rev. 3/99)     **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Wilber F. Justice

**DEFENDANTS**

STANLEY W. TAYLOR, JR.; ALAN MACHTINGER; and DEPARTMENT OF CORRECTION OF THE STATE OF DELAWARE

**(b)** County of Residence of First Listed   **Kent County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas S. Neuberger, Esq.
The Neuberger Firm, P.A., 2 East 7th Street,
Suite 302, Wilmington, DE 19801
302-655-0582

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- **X** 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt. Reporting | | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | **X** 442 Employment | Sentence | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 555 Prison Condition | Security Act | | ☐ 890 Other Statutory Actions |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

- **X** 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a civil action for compensatory and punitive damages and for injunctive relief for violations of plaintiff's rights to free speech, association and petition under the First and Fourteenth Amendments of the U.S. Constitution.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  **X** Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE  NONE
DOCKET NUMBER _____

DATE   8/11/06     *Thomas S. Neuberger*
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 3/99)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants.  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

        (b.) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

        (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States, are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties.  This section of the JS-44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.     Nature of Suit.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.      Origin.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a)  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action.  Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases.  This section of the JS-44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature.  Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 4 9 7

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____3_____ COPIES OF AO FORM 85.

8/11/06

(Date forms issued)

Cheryl Hertzog

(Signature of Party or their Representative)

Cheryl Hertzog

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action