IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SERGEANT WILBUR F. JUSTICE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>STANLEY W. TAYLOR, JR., in his )<br>official capacity as the Commissioner )<br>of Correction; ALAN MACHTINGER )<br>individually and in his official capacity )<br>as the Director of Human Resources )<br>of the Department of Correction; )<br>and DEPARMENT OF CORRECTION )<br>of the STATE OF DELAWARE, )<br>)<br>  Defendants. ) | C. A. No. 06-497 *** |

**ANSWER OF STATE OF DELAWARE DEFENDANTS:**
**STANLEY W. TAYLOR, JR., ALAN MACHTINGER**
**AND DEPARMENT OF CORRECTION OF THE STATE OF DELAWARE**

COME NOW, Defendants, Department of Correction, Stanley W. Taylor, Jr. and Alan Machtinger, and answer plaintiff's complaint as follows: Unless expressly admitted or qualified, all of the allegations in the Complaint are generally denied.

1. This averment states cumulative legal conclusions and opinions to which no response is deemed necessary. This averment further fails to comply with F.R.C.P. 8(e)(1). Should an answer be deemed necessary, this averment is denied in its entirety. Any wrongdoing on the part of defendants is specifically denied.

2. This averment states legal conclusions to which no response is deemed necessary. State Defendants reserve all defenses, including jurisdictional defenses, which may be available to them.

3.       Upon information and belief, the allegations as to Plaintiff's background are admitted. Defendants are without sufficient information to admit or deny the allegations regarding COAD.

4.       Admitted that Defendant Stanley W. Taylor, Jr. was appointed by the Governor of the State of Delaware as the Commissioner of the Delaware Department of Correction (DOC), and currently serves in that position. The balance of the averment states a legal conclusion to which no response is deemed necessary. Should an answer be deemed necessary, the balance of the averment is denied.

5.       Admitted that Defendant, Alan Machtinger has served as Director of Human Resources and Development for DOC since 1994. The balance of the averment states a legal conclusion to which no response is deemed necessary. Should an answer be deemed necessary, the balance of the averment is denied.

6.       Admitted that the Department of Correction is a department within the executive branch of the State of Delaware government. The balance of the averment states a legal conclusion to which no response is deemed necessary. Should an answer be deemed necessary, the balance of the averment is denied.

7.       Admitted that DCOA was decertified and was replaced by COAD on or about June 1, 2002. The balance of the averment is denied as alleged.

8.       Admitted that at some point, Plaintiff became one of numerous Vice-Presidents of COAD. Defendants are without sufficient information to admit or deny the balance of the averment.

9.  Admitted that at some point, subsequent to the events giving rise to the allegations in this case, Plaintiff became President of COAD. Defendants are without sufficient information to admit or deny the balance of the averment.

10.  Denied as alleged. Specifically denied that Plaintiff, Wilbur Justice, ever engaged in direct negotiations with defendant, Machtinger or that Plaintiff was ever a spokesperson for the Union. Admitted that Machtinger attends negotiation sessions with COAD, but does not lead the negotiations.

11.  Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff.

12.  Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff.

13.  Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff.

14.  Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff.

15. Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff.

16. Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff.

17. Admitted that a lawsuit took place in the Court of Chancery in 2004 pertaining to the issue of correctional officer overtime. Otherwise, Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff.

18. Denied as alleged. Specifically denied that Plaintiff, Wilbur Justice, ever engaged in direct negotiations with defendant, Machtinger or that Plaintiff was ever a spokesperson for the Union. Admitted that COAD has been operating under an "Interim Agreement" since its organization in 2002, which Agreement has the force of a contract.

19. Denied.

20. Admitted, upon information and belief, that a vacancy for the position of Community Work Program Coordinator was posted on or about July 7, 2004, with a closing date of July 16, 2004. The balance of this averment states legal conclusions and opinions to

4

which no response is deemed necessary. Should further answer be deemed necessary, the balance of the averment is denied in its entirety.

21.     Admitted, upon information and belief, that Plaintiff submitted an employment application for the vacancy to the DOC Human Resources office on or about July 15, 2006. Denied that Defendant Machtinger was aware that plaintiff had applied for the position or that he was (or would have been) "antagonized" by the application.

22.     Denied as alleged. Admitted that Machtinger, as Director of Human Resources, is permitted access to all files maintained by his Department. Denied that Machtinger had any actual contact with the promotional applicant files for the position of Community Work Coordinator.

23.     Admitted, upon information and belief, that Plaintiff submitted an employment application for the vacancy to the DOC Human Resources office on or about July 15, 2006. The balance of the averment is denied as alleged. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in expressive speech or other "protected conduct" on the Union's behalf. Speech and conduct (if any) which may have been engaged in by other union officials, is not vicariously attributable to Plaintiff. Defendant is without knowledge or information sufficient to respond to the portion of the averment concerning the date of the referenced "contract negotiating session," but specifically denied that Plaintiff, Wilbur Justice, ever engaged in direct negotiations with defendant, Machtinger.

24.     Denied that interviews were purposely arranged for a time when Plaintiff was scheduled to be on vacation. Denied that defendants had any personal involvement with plaintiff's inclusion or exclusion from the Certification List or the scheduling of interviews.

5

Defendants are without knowledge or information sufficient to respond to the balance of this averment. Any wrongdoing on the part of defendants is specifically denied.

25. Admitted that interviews were scheduled for August 16, 2004. The balance of the averment is denied. Any wrongdoing on the part of defendants is specifically denied.

26. Denied. Further, specifically denied that Plaintiff engaged in "protected activity".

27. Admitted that on or about August 13, 2004, Plaintiff inquired at the Human Resources office about his application. The balance of the averment is denied. Any wrongdoing on the part of defendants is specifically denied.

28. Defendants are without sufficient information to admit or deny. Denied that defendants had any involvement with the scheduling of interviews.

29. Defendants are without sufficient information to admit or deny. Any wrongdoing on the part of defendants is specifically denied.

30. Denied that any "false" information was given to Plaintiff. Defendants are without sufficient information to admit or deny the balance of the averment. Any wrongdoing on the part of defendants is specifically denied.

31. Denied that any "false" information or statement was given to Plaintiff. Upon information and belief, Plaintiff's application had been misplaced or misfiled at some point after it was submitted. Any wrongdoing on the part of defendants is specifically denied.

32. Denied.

33. Denied. By way of further response, it is specifically denied that defendant, Machtinger, had any personal knowledge of or involvement with the disposition of Plaintiff's

application for the position of Community Work Coordinator. Any wrongdoing on the part of defendants is specifically denied.

34. Admitted that Plaintiff's name was promptly and willingly added to the interview list by Human Resources personnel on or about August 16, 2004. Defendants are without sufficient information to admit or deny the balance of the averment.

35. Denied as alleged. By way of further response, upon information and belief, Plaintiff was offered the opportunity to postpone his interview in order to have additional time to prepare, but that offer was refused by plaintiff. Defendants are without knowledge or information sufficient to respond to the portion of the averment pertaining to "other applicants."

36. Admitted that applicants were permitted to supply additional documents pertinent to their application at the interview. The balance of the averment is denied.

37. Defendants are without sufficient information to admit or deny.

38. Admitted that Plaintiff ranked second for the promotion following interviews of the applicants. The position went to the top-ranked applicant, Hansel Fuller. The balance of the averment is denied as alleged.

39. Denied. The top-ranked candidate, Mr. Fuller, was selected primarily on the basis of his communication skills and relevant work experience. Defendants are without knowledge or information sufficient to respond to the averment as it pertains to Plaintiff's military service.

40. Admitted that Plaintiff filed a grievance when he did not receive the position he sought. Plaintiff sought and received a three-step review of the promotional decision, and at no point during this process did Plaintiff allege any impropriety as to the handling of his

7

application or the scheduling of the interview. Rather, Plaintiff claimed he was simply more qualified than Mr. Fuller. Plaintiff, after losing at all three prior levels of administrative review, then availed himself of an appeal to and hearing before the Merit Employee Relations Board (MERB) and, for the first time, alleged that his application was purposely thwarted because of his union position. The balance of the averment is denied as alleged. MERB issued its written decision on or about December 1, 2006[1] and ordered that the interviews for the Community Work Coordinator position should be re-conducted. MERB did not order that the existing promotion be vacated.

    41. Denied. By way of further response, see response to averment # 40, above. The findings of MERB, set forth in the written December 1, 2006 decision, speak for themselves.

    42. Denied as to all parts and sub-parts.

    43. Denied.

    44. Denied.

    45. This averment states legal conclusions and opinions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that any "retaliatory adverse action" was taken by any defendant against Plaintiff.

    46. This averment states legal conclusions and opinions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that plaintiff was "denied the

---

[1] At the time this Complaint was filed, MERB had not yet issued its official written decision and findings as to the grievance.

opportunity" to fairly compete for, or was "improperly passed over" for, promotion, or that any "retaliatory adverse action" was taken by any defendant against Plaintiff.

47. This averment states legal conclusions and opinions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that defendants took any unfair or adverse action against Plaintiff.

48. Denied.

49. Denied.

50. Denied. By way of further response, specifically denied that defendants engaged in any "federal constitutional deprivations" against Plaintiff.

51. This averment states legal conclusions and opinions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that defendants engaged in any "federal constitutional deprivations" against Plaintiff.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied. By way of further response, specifically denied that defendants engaged in any "actions adverse" to Plaintiff.

57. Denied. By way of further response, specifically denied that defendants engaged in any "actions adverse" to Plaintiff.

58. Denied. By way of further response, specifically denied that defendants engaged in any "actions adverse" to Plaintiff.

59. Denied. By way of further response, specifically denied that defendants engaged in any "actions adverse" to Plaintiff.

60. Denied. By way of further response, specifically denied that defendants engaged in any "actions adverse" to Plaintiff.

61. This averment states legal conclusions and opinions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that defendants engaged in any "actions adverse" to Plaintiff.

62. This averment states legal conclusions and opinions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that defendants engaged in any "actions adverse" to Plaintiff.

63. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 62 above.

64. Denied. By way of further response, specifically denied that Plaintiff spoke out on issues of public concern, and that his speech (if any) was made in his capacity as a private citizen. Plaintiff's speech (if any) was made pursuant to his official duties as a public employee.

65. Denied. See response to averment # 64, above.

66. Denied. See response to averment # 64, above.

67. Denied. See response to averment # 64, above. By way of further response, denied that Defendant Machtinger was aware that plaintiff had engaged in any "protected speech" and that he was (or would have been) "antagonized" by that speech.

68. Denied. By way of further response, specifically denied that Plaintiff engaged in "First Amendment protected activity" and denied that any adverse action was taken against plaintiff.

69. This averment states cumulative legal conclusions and opinions to which no response is deemed necessary. This averment further fails to comply with F.R.C.P. 8(e)(1). Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that Plaintiff engaged in "First Amendment protected activity" and denied that any adverse action was taken against plaintiff.

70. Denied.

71. Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 70 above.

72. This averment states legal conclusions and opinions to which no response is deemed necessary. Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that plaintiff engaged in any "petitions of government for redress of grievances."

73. Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in any "petitions" of government on the Union's behalf. Petitions (if any) which may have been engaged in by other union officials, are not vicariously attributable to Plaintiff.

74.     Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in any "petitions" of government on the Union's behalf. Petitions (if any) which may have been engaged in by other union officials, are not vicariously attributable to Plaintiff.

75.     Denied. Further, specifically denied that Plaintiff was ever a spokesperson for the Union or engaged in any "petitions" of government on the Union's behalf. Petitions (if any) which may have been engaged in by other union officials, are not vicariously attributable to Plaintiff.

76.     This averment states cumulative legal conclusions and opinions to which no response is deemed necessary. This averment further fails to comply with F.R.C.P. 8(e)(1). Should an answer be deemed necessary, this averment is denied in its entirety. By way of further response, specifically denied that Plaintiff engaged in "petition[s] of government for redress of grievances" and denied that any adverse employment action was taken against plaintiff.

77.     Denied.

78.     Answering defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 77 above.

79.     Plaintiff's current and former offices with COAD are admitted. As an officer, upon information and belief, plaintiff is a member of COAD's leadership team, but denied that he was "an active member" of the team or an active spokesperson for COAD at or around the time of the actions complained of.

80.     See response to averment #79. Defendants are otherwise without knowledge or information sufficient to respond to this averment.

81. Denied. Further, specifically denied that Plaintiff engaged in "protected Union activities."

82. This averment states a legal conclusion to which no response is deemed necessary. Should an answer be deemed necessary, the averment is denied. Further, specifically denied that Plaintiff engaged in "First Amendment protected Union activities," or that defendants took any adverse action against him.

83. This averment states legal conclusions to which no response is deemed necessary. Should an answer be deemed necessary, the averment is denied. Further, specifically denied that Plaintiff engaged in "First Amendment protected Union activities," or that defendants took any adverse action against him.

84. This averment states legal conclusions to which no response is deemed necessary. Should an answer be deemed necessary, the averment is denied. Further, specifically denied that defendants took any adverse action or committed any constitutional violation against Plaintiff.

85. This averment states legal conclusions to which no response is deemed necessary. Should an answer be deemed necessary, the averment is denied. Further, specifically denied that defendants took any "retaliatory adverse action" or committed any constitutional violation against Plaintiff.

86. This averment states cumulative legal conclusions to which no response is deemed necessary. Should an answer be deemed necessary, the averment is denied. Further, specifically denied that defendants took any retaliatory adverse action against Plaintiff or that Plaintiff engaged in "First Amendment protected" activities.

87. Denied.

**AFFIRMATIVE DEFENSES/DEFENSES**

88. The State defendants are immune from liability to plaintiffs under the doctrine of sovereign immunity.

89. The State defendants are immune from liability under the Eleventh Amendment of the United States Constitution.

90. The State of Delaware, Department of Correction, and State defendants in their official capacities are not subject to suit or liable for alleged violations of plaintiff's constitutional rights as they are not "persons" pursuant to 42 U.S.C.A. §1983.

91. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

92. Individual defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

93. To the extent the Plaintiff seeks to hold the defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior is not a basis for liability in an action under 42 U.S.C.A. §1983.

94. To the extent Plaintiff's claims sound in negligence, Plaintiff fails to state a cause of action under 42 U.S.C.A. §1983.

95. The State defendants are immune from liability to the plaintiff as to State law claims, if any, pursuant to the Delaware State Tort Claims Act. 10 Del.C. §4001 *et. seq*.

96. Plaintiff's claims, in whole or in part, are barred by the appropriate statute of limitation, repose, or other statutorily required administrative time requirement.

97. Plaintiff failed, in whole or in part, to exhaust administrative remedies.

14

98.     Plaintiff unreasonably failed to take advantage of any preventive, corrective or remedial opportunities provided by the employer, and unreasonably failed to avoid harm otherwise.

99.     Plaintiff's claims are barred, in whole or in part, by <u>Garcetti v. Ceballos</u>, 126 S.Ct. 1951 (2006).

100.    Plaintiff otherwise fails to state a claim upon which relief may be granted.

101.    It is specifically denied that plaintiff is entitled to any relief or damages, including but not limited to declaratory and injunctive relief, compensatory damages, punitive damages, attorneys' fees and/or interest.

**WHEREFORE**, State Defendants demand that judgment be entered in their favor as to all claims, and against the plaintiffs as to all claims, and that costs and attorney fees be awarded to the State Defendants.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

          /s/ Stephani J. Ballard
        STEPHANI J. BALLARD (ID # 3481)
        MARC P. NIEDZIELSKI (ID #2616)
        Deputy Attorneys General
        State of Delaware
        Department of Justice
        Carvel State Office Building
        820 North French Street
        Wilmington, DE 19801
        (302) 577-8400
        Attorney for State Defendants

DATED: December 18, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SERGEANT WILBUR F. JUSTICE, )<br> )<br>      Plaintiff, )<br> )<br>v. )<br> )<br> )<br>STANLEY W. TAYLOR, JR., in his )<br>official capacity as the Commissioner )<br>of Correction; ALAN MACHTINGER )<br>individually and in his official capacity )<br>as the Director of Human Resources )<br>of the Department of Correction; )<br>and DEPARMENT OF CORRECTION )<br>of the STATE OF DELAWARE, )<br> )<br>      Defendants. ) | C. A. No. 06-497 *** |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on <u>December 18, 2006</u>, she caused the attached,

*Answer of State of Delaware Defendants: Stanley W. Taylor, Jr., Alan Machtinger, and Department of Correction of the State of Delaware,* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

    Thomas S. Neuberger, Esquire
    The Neuberger Firm, P.A.
    2 E. Seventh St., Suite 302
    Wilmington, DE  19801

                            **STATE OF DELAWARE**
                            **DEPARTMENT OF JUSTICE**

                            /s/ Stephani J. Ballard
                            Stephani J. Ballard, I.D. #3481
                            Deputy Attorney General
                            Carvel State Office Building
                            820 N. French Street, 6th Floor
                            Wilmington, DE  19801
                            (302)577-8400
                            Attorney for State Defendants