# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SERGEANT WILBUR F. JUSTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C. A. No. 06-497-SLR |
| STANLEY W. TAYLOR, JR., in his | ) |
| official capacity as the Commissioner | ) |
| of Correction; ALAN MACHTINGER | ) |
| individually and in his official capacity | ) |
| as the Director of Human Resources | ) |
| of the Department of Correction; | ) |
| and DEPARTMENT OF CORRECTION | ) |
| of the STATE OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

In accordance with the Court Order of March 4, 2008, the defendants submit the following statement of the undisputed facts and legal issues in this case.

### Introduction[1]

1. The lawsuit asserts a claim for First Amendment retaliation under 42 U.S.C. § 1983. (Complaint, D.I. 1)

2. The lawsuit alleges a sole damage claim against defendant Alan Machtinger in his personal capacity. (Complaint at ¶ 5, 19, 30, 31, 32, 33, 49 and 50, D.I. 1)

3. The lawsuit alleges that the Department of Correction for the State

---

[1] Defendants have supplied some of plaintiff's allegations as an introduction to provide a context of the undisputed facts.

of Delaware "is an agency of the State of Delaware, which is only joined in this action for purposes of collecting attorneys' fees and costs." (Complaint at ¶ 6, D.I. 1)

4.     The lawsuit asserts claims against Stanley W. Taylor, Jr., solely in his official capacity "for injunctive relief" but does not allege any violation of § 1983 against Taylor. (Complaint at ¶ 4, D.I. 1)

5.     Plaintiff alleges that sometime between July 16 and July 19, 2004, defendant Alan Machtinger caused to be hidden or misplaced plaintiff's application for the CWPC position due to plaintiff's First Amendment activities during the period of June to August, 2004. Plaintiff contends that this caused him to be disadvantaged in the subsequent interview for that position (Complaint, D.I. 1; Plaintiff's Amended Response to Defendants' 1st set of Interrogatories, No. 1, p. 29, ¶ 3, D.I. 40)

## Undisputed facts

6.     On February 1, 2007, plaintiff retired from State service. (Justice Tr. at 28, lines 12-13, D.I. 52)

7.     On February 1, 2007, Stanley W. Taylor, Jr., retired from State service. (Taylor Tr. at 7, lines 10-11)

8.     On July 15, 2004, Plaintiff submitted an application for the Community Work Program Coordinator ["CWPC"] position within the Department at the Morris Correctional Institution in Dover, Delaware. (Plaintiff's Amended Response to Defendants' 1st Set of Interrogatories No.1, P. 24-25, D.I.

40)

9. On two prior occasions, plaintiff had applied for the CWPC position. He first applied in 1999 and in 2001, however on both occasions he was informed that he was unqualified for the position. (Plaintiff's Response to Defendants' Request for Admissions No. 5 and 6, D.I. 42)

10. Plaintiff had taken the Correctional Counselor's test on a prior occasion and had not passed it. (Justice Tr. 54, line 10 -17, D.I. 52)

11. Plaintiff indicates that he did not learn that the interviews for the CWPC position were scheduled until the very day the interviews were being conducted. Plaintiff's Amended Response to Defendants' 1st Set of Interrogatories No.1, P. 24-28, D.I. 40)

12. On August 16, 2004, the plaintiff and four other employees were interviewed for the CWPC position by a panel of three employees. *Id.*

13. The plaintiff did not request that his interview be rescheduled. *Id.*

14. The interview panel recommended Hansel Fuller, not the plaintiff, for the CWPC position to the Warden of the Morris Correctional Institution. Warden Bianco accepted the panel's recommendation and offered the CWPC position to Fuller who accepted. *Department of Correction v. Justice and MERB*, C.A. No. 06A-12-006 (RBY)(Opinion and Order) (Del.Super. Aug. 23, 2007) at 3.

15. There is no allegation, contention or evidence that the interview panel's recommendation or the Warden's decision was retaliatory or improper for any reason. (Complaint, D.I. 1; Plaintiff's Amended Response to Defendants' 1st

Set of Interrogatories No.1, D.I. 40)

16. Plaintiff testified that he personally did not make any speech, he did not speak to the media and he was not quoted in the media. (Justice Tr., p.91, l.24 to p. 92, l. 23, D.I. 52)

17. Plaintiff admits that he was not quoted in any newspaper articles pertaining to the Delaware Department of Correction (DOC) published at any time between June and August, 2004. (Plaintiff's Answers and Objections to Defendants' Request for Admissions to Plaintiff Pursuant to F.R.C.P. 26, No. 1, D.I. 42)

18. Plaintiff further admitted that even his name does not appear in any newspaper articles pertaining to the DOC published at any time between June and August, 2004. *Id.* at No. 2.

19. The evidence is undisputed that Alan Machtinger was not aware (nor would he have been) that plaintiff applied for the CWPC position until long after plaintiff interviewed with the panel for the position. The record is undisputed that Machtinger did not have anything to do with the plaintiff's misplaced application. (Machtinger Tr. at page 67, line 4 and ending on page 70, line 5, D.I. 52)

20. Alan Machtinger was on vacation or off work for the relevant period from July 17 until August 10, except for three days, July 26 – July 28, 2004. (Machtinger Affidavit, D.I. 52)

21. The record establishes that there is no causal connection between plaintiff's union activity and his not being recommended by the interviewing panel

- 4 -

or his not being selected for the CWPC position by Warden Bianco. (Plaintiff's Amended Response to Defendants' 1st Set of Interrogatories No.1, D.I. 40)

22.  Plaintiff testimony establishes that other union officials who were union vice-presidents like the plaintiff were promoted and one union member who was very vocal and quoted in the media was also promoted. (Justice Tr. p.93, line 13 to line 19; p. 69, line 23 to p. 70, line 16, D.I. 52)

23.  Every employee in the Department of Correction is a union member except the very top management. (Justice Tr. p. 67-68, 73, line 5 - line 17, D.I. 52)

24.  Plaintiff's union activities were part of his employment duties as such union members were paid their normal salaries to take part in union activities such as labor contract negotiations that were conducted in offices of the employer. (Justice Tr. 83-89, D.I. 52)

## Legal issues

25.  Defendants Department of Correction, Stanley W. Taylor, Jr. and Alan Machtinger, in his official capacity, are entitled to judgment as a matter of law under the Eleventh Amendment. The Eleventh Amendment bars all of plaintiff's claims against the Department of Correction and Stanley Taylor who is sued solely in his official capacity. Plaintiff does not allege any violation of § 1983 against Taylor. The Supreme Court's decision in *Kentucky v. Graham,* 473 U.S. 159 (1985) forecloses plaintiff's contention that a State and other state officers in their official capacities can be made a party for collection of attorney's

fees or damages.  Aside from the immunity issue, state employees sued in their official capacities are not persons for § 1983 purposes.  *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).  Since, plaintiff and defendant Taylor retired from the Department of Correction on February 1, 2007, those retirements would vitiate any utility for injunctive relief in the employment context, and therefore, there is no present basis for injunctive relief that would support a claim against either Stanley Taylor or Alan Machtinger in his official capacity.

26.    Plaintiff must establish three elements to make out a § 1983 First Amendment retaliation claim.  Plaintiff must establish that: (1) he engaged in conduct that was protected under the First Amendment; (2) that he suffered some adverse employment action; (3) that the adverse action was motivated by the protected conduct; and, (4) even after establishing the above three elements, a defendant can defeat the plaintiff's case by showing that it would have taken the same action even in the absence of protected conduct.  (internal citations omitted) *Ambrose v. Township of Robinson, Pennsylvania*, 303 F.3d 488, 493 (3d Cir 2002).  Plaintiff fails to establish any of the required elements. (1) plaintiff *by his own admission and testimony* did not engage in any protected conduct and cannot rely on the conduct of others; (2) Alan Machtinger had no knowledge nor involvement in plaintiff's application problem (in fact, defendant was on vacation or off from work from July 17 until August 10, except for three days, July 26 – July 28, 2004); and, (3) plaintiff did not suffer an adverse employment action that

is attributable to any First Amendment activity.

27. Defendant Machtinger is entitled to qualified immunity as it has not been clearly established that anything he did in the present matter would have violated the law. There is no case law that suggests that plaintiff could vicariously claim the First Amendment rights of others in union activity during the relevant period of June to August 2004. Instead, "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Hill v. Borough of Kutztown*, 455 F.3d 225, 244 (3d Cir 2006). This legal analysis results in a case-by-case after the fact determination by the Court. The Third Circuit recently reiterated the scope of qualified immunity. "This immunity is broad in scope and protects 'all but the plainly incompetent or those who knowingly violate the law.' " (internal citations omitted) *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007).

    Respectfully submitted,

    STATE OF DELAWARE
    DEPARTMENT OF JUSTICE

    /s/ Marc P. Niedzielski
    Marc P. Niedzielski (ID 2616)
    Stephani J. Ballard (ID 3481)
    Deputy Attorneys General
    820 North French Street
    6th Floor
    Wilmington, DE 19801
    (302) 577-8324

DATED: March 10, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date indicated, he caused the attached document to be electronically served on the following:

Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
Thomas S. Neuberger, P.A.
2 E. Seventh St., Suite 302
Wilmington, DE 19801
TSN@Neubergerlaw.com
SJN@Neubergerlaw.com

                                             STATE OF DELAWARE
                                             DEPARTMENT OF JUSTICE

                                             /s/ Marc P. Niedzielski
                                             Marc P. Niedzielski, I.D. #2616
                                             Deputy Attorney General
                                             Carvel State Office Building
                                             820 N. French Street, 6th Floor
                                             Wilmington, DE 19801
                                             (302) 577-8400

DATED:  March 10, 2008