# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SERGEANT WILBUR F. JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C. A. No. 06-497-SLR |
| STANLEY W. TAYLOR, JR., in his ) | |
| official capacity as the Commissioner ) | |
| of Correction; ALAN MACHTINGER ) | |
| individually and in his official capacity ) | |
| as the Director of Human Resources ) | |
| of the Department of Correction; ) | |
| and DEPARTMENT OF CORRECTION ) | |
| of the STATE OF DELAWARE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Defendants, Department of Correction, Stanley Taylor and Alan Machtinger, hereby respond to plaintiff's statement of undisputed facts in support of partial summary judgment. (D.I. 53, 54)

1. – 6. Admitted that plaintiff was a good and hard working correctional sergeant until his retirement on February 1, 2007. It is also admitted that plaintiff served in the Army Reserve and Delaware Army National Guard and was appointed by the union COAD to be one of a dozen vice presidents. He was selected by the union to represent the Morris Correctional Facility in Dover, DE. By way of further answer, every employee in the Department of Correction is a union member except the very top management. (Justice Tr. p. 67-68, 73, line 5 -

line 17, D.I. 52) Additionally, plaintiff's union activities were part of his employment duties as such union members were paid their normal salaries to take part in union activities such as labor contract negotiations that were conducted in offices of the employer. (Justice Tr. 83-89, D.I. 52)

7.     Denied.  Plaintiff was named along with all officers of the union COAD to attempt proper service of process for an unincorporated association.

8. – 9.     Admitted that plaintiff and defendant Alan Machtinger along with a large number of other individuals would have attended union contract negotiation meeting in the summer of 2004.  By way of further answer, plaintiff and others attending such meetings were paid their ordinary salaries to attend and the meetings were held on Department premises during normal working hours.

10.- 23.     Admitted some union members, but not the plaintiff, were active in the media seeking salary increases and a change in work conditions and that some of the members, but not the plaintiff, asserted that such salary and work rule changes would solve all problems.

24.     Denied.  Plaintiff testified that the COAD contract negotiations were peaceful, orderly and slow.  He testified that the negotiating meetings were conducted during normal work hours at the Department's administrative headquarters building in Dover, Delaware.  The executive board of the union and the professional labor negotiators would meet in one room, while management and labor specialists from the State Personnel Office would meet in another room. Proposals were passed in writing between the rooms.  All the COAD employees

that attended these sessions were on "release time" which means that they were paid their normal salary while they performed union activities. (Justice Tr. 83-89)

25.  Denied as to the characterization of the meetings (see preceding No. 24), but admitted that plaintiff may have attended those sessions.

26. – 34.  Admitted that there was union, media and governmental attention on the Department of Corrections in the spring and summer of 2004. However, the plaintiff was not involved in any of it. Plaintiff admits that he personally did not make any speech, he did not speak to the media and he was not quoted in the media. (Justice Tr., p.91, l.24 to p. 92, l.23) (Plaintiff's Answers and Objections to Defendants' Request for Admissions to Plaintiff Pursuant to F.R.C.P. 26, October 17, 2007; D.I. 42).

35. – 37.  Admitted that plaintiff was not required to serve as a union vice president or to be an active union member. In fact, plaintiff voluntarily took on those additional employment duties and was paid his normal salary and received his normal employment benefits while performing his union duties. However, the plaintiff's union duties can only be performed by an employee of the Department and involves employment issues such as terms and conditions of the work of correctional officers. (Justice Tr. 83-89)

38. – 40.  Admitted that plaintiff applied on July 14, 2004 for a position known as Community Work Programs Coordinator at the Morris Correctional Facility and was given a receipted copy of that application.

41.  Denied. The record is undisputed that Alan Machtinger had no knowledge of plaintiff's application, did not interfere with it and had no reason to obstruct plaintiff's application. (Machtinger Tr. page 67, line 4 to page 70, line 5)

42.  Admitted that long after the events regarding the misplacement of plaintiff's application, Machtinger was informed of the problem. (Machtinger Tr. page 67, line 4 to page 70, line 5)

43.  Denied that Alan Machtinger is intimately involved in all promotions and plaintiff fails to cite to the record to support this suggestion.  In fact, Alan Machtinger was off work or on vacation for the period from July 17 until August 10, except for three days, July 26 – July 28, 2004. (Machtinger Affidavit, A 1)   It should be noted that plaintiff contends that the application was misplaced between July 16 and 19, 2004. (Plaintiff's Amended Response to Defendants' 1st set of Interrogatories, No. 1, part F, p. 23, p. 29; D.I. 40)   Alan Machtinger was off work and on vacation for all that time except July 16, 2004.

44. - 46.  Denied that Alan Machtinger is involved in all aspects of his office including promotions and grievances.  It would be physically impossible for any single individual to be that involved.  More importantly, plaintiff citation to Machtinger's deposition transcript did not support this contention and plaintiff's citation to his own transcript reveals simply his own inadmissible opinion about things that he does not have any knowledge.  Summary judgment is supposed to be supported by evidence, not innuendo.

47. – 64.     Admitted there is no evidence to support plaintiff's claim against Alan Machtinger.  Instead, plaintiff points to speculation about an HR technician that is not a party to this lawsuit.  An individual that plaintiff chose not to depose or seek any discovery from that technician because plaintiff knows that his application was simply misplaced, not the result of any evil motive. *Department of Correction v. Justice and MERB*, C.A. No. 06A-12-006 (RBY)(Opinion and Order) (Del.Super. Aug. 23, 2007) at 2.

65. – 70.     Admitted that there is no evidence that plaintiff inquired as to whether his interview could be rescheduled.  There is some evidence that a member of the interviewing panel offered to reschedule the interview. *Id.* at 10.

71. – 72.     Admitted.

73. – 79.     Denied that plaintiff was more qualified for the CWPC position than the successful candidate Hansel Fuller.

Fuller is a "true renaissance man" as described by plaintiff's attorney. (Fuller Tr. 7)  Mr. Fuller has a bachelor degree, a Master's degree and served in the U.S. Air Force Band by supervising 55 people. The Air Force Band serves a community relations function in support of recruiting and the U.S. State Department in Europe. (Fuller Tr. 5-9) In 1997, Mr. Fuller started with the Department of Correction as a Correctional Counselor at the boot camp at Sussex Correctional Institution. In 2000, Mr. Fuller applied for and was offered the position of Classification Officer at the Howard R. Young Correctional Institution. In 2004, Mr. Fuller applied and was offered the disputed position of CWPC at the

Morris Correctional Facility.

The requirements for the CWPC position were set out in the position announcement. (Justice Deposition Exhibit No. 2) Those areas of minimum qualifications do not require any experience as a Correctional Sergeant or in the military. The required areas are knowledge of human behavior, knowledge of counseling theories and techniques, including vocation counseling, and ability to communicate effectively both orally and in writing. *Id.*

80. – 89.   Denied that "defendants" placed plaintiff at a severe disadvantage with the other applicants who applied for the CWPC position. The only defendants in this lawsuit are: Alan Machtinger, Stanley Taylor and the Department of Correction. The sole individual defendant from whom damages are sought is Alan Machtinger. The Department of Correction is a party for collection of attorneys fees and Stanley Taylor is a defendant in his official capacity for possible injunctive relief. (complaint, D.I. 1) Plaintiff does not point to any part of the record that evinces that any of the present defendants placed plaintiff in a disadvantaged situation. In paragraph no. 87 plaintiff contends that the "principle distinguishing feature that distinguished Mr. Fuller from Mr. Justice during the last minute interview was his on his feet performance and his ability to clearly and concisely answer questions." Plaintiff contends that if he had more time to prepare he would have done better. However, there is no evidence to support that central assumption of plaintiff's claim.

In fact, the present record demonstrates that central assumption is flawed.

Plaintiff has had much more that six days to prepare for his deposition. During that deposition, plaintiff was asked about the minimum qualifications from the position description. (Justice Exhibit 2; Justice Tr. at 51- 54). His responses make it clear that the plaintiff had no understanding of even the minimum qualifications. The three years that have passed since he made application does not appear to have benefited the plaintiff.

90.  Denied. Mr. Fuller is and was a member of a union as are all Department of Correction employees except senior management. (Justice Tr. p. 67-68, 73, line 5 - line 17)

91. – 95.  Admitted that plaintiff's application for the position of CWPC was misplaced.

## Legal Issues

1.  Plaintiff contends that membership in a union without regard to individual conduct is protected under the First Amendment. The case law does not support that position. In *Hill v. Borough of Kuztown*, 455 F.3d 225, 243-244 (3d Cir 2006) citing to *Garcetti v. Ceballos*, 126 S.Ct 1951, 1958 (2006), the Court of Appeals held that a public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have "an adequate justification for treating the employee differently from any other member of the general public" as a result of the statement he made. A public employee does not speak "as a citizen" when he makes a statement "pursuant to [his] official

duties." *Garcetti* at 1960. Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record[1]." (internal citations omitted)

    2.    Alan Machtinger is the only defendant sued in his individual capacity and the plaintiff has failed to make out a prima facie case. Plaintiff must establish three elements to make out a § 1983 First Amendment retaliation claim. Plaintiff must establish that: (1) he engaged in conduct that was protected under the First Amendment; (2) that he suffered some adverse employment action; (3) that the adverse action was motivated by the protected conduct; and, (4) even after establishing the above three elements, a defendant can defeat the plaintiff's case by showing that it would have taken the same action even in the absence of protected conduct. (internal citations omitted) *Ambrose v. Township of Robinson, Pennsylvania*, 303 F.3d 488, 493 (3d Cir 2002). Plaintiff fails to establish any of the required elements. (1) plaintiff *by his own admission and testimony* did not engage in any protected conduct and cannot rely on the conduct of others; (2) Alan Machtinger had no knowledge nor involvement in plaintiff's application problem

---

[1] As set out in the statement of facts on page 4, it is undisputed that plaintiff was on the executive board of COAD and may have participated in negotiating a new labor agreement. However, that would not be protected activity as in those sessions plaintiff was clearly acting as an employee in attempting to come to terms with management over conditions of employment. The sessions were conducted at the Department's Administrative Center, and plaintiff was paid by his employer for these union activities as they were considered part of his job duties. *See Garcetti*. Moreover, plaintiff does not identify specific conduct that would be expressive for purposes of the First Amendment.

(in fact, defendant was on vacation or off from work from July 17 until August 10, except for three days, July 26 – July 28, 2004); and, (3) plaintiff did not suffer an adverse employment action that is attributable to any First Amendment activity.

Plaintiff's motion for partial summary judgment should be denied.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


/s/ Marc P. Niedzielski
Marc P. Niedzielski (ID 2616)
Stephani J. Ballard (ID 3481)
Deputy Attorneys General
820 North French Street
6th Floor
Wilmington, DE 19801
(302) 577-8324

DATED: March 18, 2008

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the date indicated, he caused the attached document to be electronically served on the following:

Thomas S. Neuberger, Esquire
Stephen J. Neuberger, Esquire
Thomas S. Neuberger, P.A.
2 E. Seventh St., Suite 302
Wilmington, DE 19801
TSN@Neubergerlaw.com
SJN@Neubergerlaw.com

                              STATE OF DELAWARE
                              DEPARTMENT OF JUSTICE

                              /s/ Marc P. Niedzielski
                              Marc P. Niedzielski, I.D. #2616
                              Deputy Attorney General
                              Carvel State Office Building
                              820 N. French Street, 6th Floor
                              Wilmington, DE 19801
                              (302) 577-8400

DATED:  March 18, 2008